Tilghman C. J.
This is an appeal from a decree of the Orphan’s Court of Dauphin county, on a case arising from the will of David Todd, deceased: The question is, whether the testator’s personal estate or any part of it, was exempted by his will from the payment of his debts ? It is a question *457 between the testator’s widow and David Todd, the younger, liis nephew, and devisee of his land, and I shall consider it as turning solely on the intention of the testator, for although no man can prevent his creditors from resorting to his personal estate, yet as between his own legatees and devisees, his will, expressly declared, or appearing by plain implication, must govern. By the law of Pennsylvania, lands are liable to the payment of debts ; nevertheless the personal estate is the fund to be first applied, unless the contrary is directed by the testator. It is incumbent therefore, on one who contends for the exemption of the personal estate, to show that it was so ordered by the testator. The will of David Todd begins with directing that all his just debts should be first paid and discharged, and as touching the rest, residue, and remainder, of his estate, real and personal, he gave it as follows, &c.; he next gave to his wife, the whole of his real and per-) sonal estate, during her life, and directed that his land should-be worked in the manner it had usually been, and all the buildings and fences kept in good repair ; so far, we see nothing of an intent to exempt the personal estate. But the, appellants rely- on a subsequent clause, in which the testator-directs, “ that after his decease, there should be an inventory, “ taken of his whole personal estate, and that his wife should, “ only have the power of willing and bequeathing the one-half “ of the amount of the said inventory; which half she might “ will and dispose of as she saw cause.” After this followed a devise of the testator’s whole lands and improvements whatsoever, to his nephew David Todd in fee, upon his attaining the age of 21 years, and after the death of his wife, charged with the payment of legacies to the amount of $2000. Last of all, the testator gave to several persons, the half of his personal estate before reserved. The testator’s •whole personal estate amounted to $6474 92cts. He was indebted to the amount of $5584 66 cts. and the tract of land •devised to his nephew, consisting of-about 200 acres (his whole real estate) was worth about $ 4000. It is contended by the appellants that the personal estate was specifically ber queathed, and that there was a manifest intent to exempt it from the payment of debts. On the contrary, it appears to me that the intent was, to apply the personal estate, as usual, to the payment of debts, and when the whole personal estate is given to the wife for life, &c. it is to be understood with re *458 ference to the prior direction — that all debts should be first paid. That is to say, the wife should take all the personal estate which remained after payment of debts, &c. If it be said, that the personal estate was intended for the wife, it must be remembered that so also was the land-intended for the nephew. And in such case, the testator having given no express direction which should be first applied to the payment of debts, the rule of law must prevail, which makes the personal estate the proper fund. This would be the construction, if we looked only at the face of the will. But when the circumstances of the testator’s estate are taken into consideration, the argument is much stronger in favour of the nephew. The personal estate was sufficient to pay all the debts, and leave a surplus of above §500, after satisfying all charges and commissions of the executors. The whole of this and. all the land, the wife would enjoy for life, by which she would be well provided for. But if the debts were thrown on the land, the whole would be swept away, and thus the nephew disinherited, and legacies given to fifteen different persons, to the amount of §2000, totally lost. This is such a subversion of the main intent of the will, that it will not bear a moment’s consideration. So that, whether we confine ourselves to the writing or connect it with important extrinsic circumstances, it cannot be said that the testator has manifested an intent to depart from the general rule, by which the personal estate is to be first applied to the payment of debts. The Orphan’s Court made their decree conformably to this principle, and I am of opinion, that the decree should be affirmed.
Yeates J.
It is not denied that a testator may substitute any fund he may think proper, for the payment of his debts, or that his personal estate is the natural fund for that purpose. The settled rule is, that unless the testator by express words exempt, or otherwise manifest his clear intention to exempt, his personal estate from the payment of his debts, it shall be applied towards the discharge of them- It is also settled, that a testator devising all his real estate, subject to the payment of debts, will not alone be sufficient to exempt the personal estate. All the cases on this subject are cited in 2 Fonblanque, 290, 291. and in Coxe’s note to 1 P. Wms. 294.
*459 From whence then is this plain intention to be collected, that the testator’s personal estate should be exempted ? It has been contended that the devise of one-half of the amount of the inventory to the widow, is a specific devise, and that a special purpose was designated thereby, that she might will, or dispose of it, as she saw cause. But the will directs, in the most express terms, that the funeral charges and all his just debts, should be first paid and discharged; and as touching all the rest, residue, and remainder, of his estate, real and personal, he gives the whole of it to his wife during life, to be by her used and occupied, the lands to be laboured regularly as theretofore, no waste to be made of the timber, and the buildings and fences to be kept in tenantable repair. After the death of the widow, he devises to his nephewjDuíuí? To del, the whole of his lands in fee simple, subject to the payment of $2000. The devise of the lands was specific, and the special purposes of the support of the widow and payment of one-half of their supposed value to the collateral branches of the testator’s family, are designated. To his favourite namesake, David Todd, he must have intended a bounty, and it conforms more strongly to the general meaning and spirit of the will, that the debts should be paid out of the personal estate, than out of the real estate of the testator. The widow, by plain words, takes nothing until his debts should be paid. The testator unquestionably mistook either the value of his estate, or the amount of his debts, but we have no power to rectify his mistakes. Be this as it may, no plain intent can be deduced from this will, to exempt the personal estate from the payment of the debts, and the general provision of the law must therefore be applied to the instance before us. I am of opinion, that the decree of the Orphan’* Court be affirmed.
Brackenridge J, concurred.
Decree affirmed.